(43 Misc. Rep. 148.)

## BELFORD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Trial Term, Kings County.    March, 1904.)

1. STREET RAILROADS—COLLISION WITH VEHICLE—RIGHT OF WAY OVER TRACKS.
   The cars of a street surface railroad company have the right of way on the tracks, and it is the duty of a person driving on the tracks to get out of the way of a car coming up, so as not to make it slow down or stop, and if he fails to do so, and is injured, the railroad company is not liable.

Action by William J. Belford against the Brooklyn Heights Railroad Company. Motion on the minutes by plaintiff to set aside a verdict for defendant and for a new trial. Motion denied.

See 83 N. Y. Supp. 836.

Charles F. Brandt, for plaintiff.
I. R. Oeland, for defendant.

GAYNOR, J. This action was to recover for damages done to the plaintiff's wagon by a collision with an electric street car. It was night time, and the car was an open one, all lighted up with electricity, and also had the usual large headlight. The wagon was going along on the car track, and the car came up in the rear and hit it, according to the driver's testimony.

The jury were charged on the relative rights of the parties, and on the question of the driver's negligence in being in the way when the car came up, that while wagons had the right to drive along in street car tracks, the duty of the driver was to be vigilant with eye and ear to know when a car was coming up, in front or rear, in order to be off before it got to the wagon; that the car had the right of way, and that a wagon going along the track did not have the right to be there when a car got there to go by; that a driver of a wagon along the track has no right to be on the track when a car comes up, and make it slow down, much less make it stop; that people had the right to drive along car tracks, but that it was their duty to be vigilant and careful to be off by the time a car comes up, and if they failed in this vigilance it would be negligence.

I do not see how this is claimed not to be the law. It is the law as trial judges understand it and charge it every day. It is the office of a trial judge to make a jury understand the law, and not merely to deliver an essay or speak to them in platitudes.

If to the contrary, drivers have the right to be on the track in the way with their wagons when a car comes up, then it is not and could not be negligence for them to be there; they would simply exercise their

¶ 1. See Street Railroads, vol. 44, Cent. Dig. §§ 192, 193, 213.

right to be there. And yet we all know that the question in each case is whether the driver was negligently, i. e., wrongfully, there. While he has no right to be there as against a passing car, he may nevertheless be there in a given case without negligence. But that is far from saying that drivers have the right to be on the track as against a car. A driver's duty is to be "off" by the time a car comes up, which is the very contrary of saying he has the right to be "on." That he may be there without breach of such duty, or without negligence (which is the other way of saying the same thing), is not saying that he has a right to be there. Instead of the law being that he has a right to be there, the law is to the very contrary, i. e., that the burden is on him to excuse himself for being there, i. e., to show that he was not negligently there. The presumption is not with him but against him. A judgment for the plaintiff in the case at bar was reversed on appeal because the plaintiff did not show that the driver was not guilty of negligence in being on the track when the car came up. 86 App. Div. 388, 83 N. Y. Supp. 836. And yet is it error for a trial judge to charge that a driver going along a car track has no right to be there when a car comes up? And must he charge that he has the right? He must certainly charge one way or the other.

My attention is drawn since the trial to the decision in Venuta v. N. Y., W. & C. Traction Co., 87 App. Div. 561, 84 N. Y. Supp. 544, which seems to be contrary to what was charged in this case and in that. Was that decision meant by the court to be that drivers of vehicles have the right to remain and be on the track as a car comes up, and make it slow up or stop? It cannot be that that was meant by the court, for in that case a driver would have the right to remain until the car came up and he was warned off, whereas, on the contrary, it is his duty to be vigilant to be seasonably off, i. e., off in time not to delay or interrupt the car, in a word, to make way, for the car has the right of way.

It must be that that decision is based on the ground that the words of the trial judge were construed to mean that wagons have no right to be on a car track at all. It does not seem, however, that they bear that meaning even in the curtailed and shorn form in which the prevailing opinion reproduces them; for their fuller reproduction in the dissenting opinion shows that the trial judge told the jury more than once that drivers have the right to be on the track, "but with that right goes the duty to be vigilant to be off before the car comes up." And again: "People may be on the track, but it is their duty to be vigilant and careful to be away from it by the time the car comes up."

I suppose the law to be undoubted that other vehicles have the right to be driven along street car tracks; but that such right is coupled with a duty of the driver to be vigilant to ascertain when a car is coming, and be off before it comes up; that he has no right to remain and be there when a car comes up. As was fully explained to the jury in this case and in the Venuta Case, a driver of a wagon has a right to drive along in a street car track, but has no right to remain and be there in the way of a car which comes up; that instead of having the right to remain and be there in the way of a car, it is his duty not to be there, and to use reasonable care not to be there in the way; that if he does use such reasonable care to be out of the way, he is not negligent in

being there; that the burden is on the plaintiff to show such lack of negligence in the driver; and that if by reason of obstructions from other vehicles, or otherwise, he is unable to turn out when a car is coming, or is come, he may continue along until he is free to turn out. The car has the "right of way." . To use the word "paramount" neither adds to nor subtracts from the meaning, and there is therefore no use in using it unless to distract. When a car has come up, its right of way is paramount, absolute and exclusive, if we must use needless adjectives (for the phrase "right of way" expresses all); and any one in the way may lawfully be put out of the way. This is of course subject to obstacles against turning out which have already been mentioned, and the like.

The motion is denied.